FLORENCE E. SERENA

*v.*

LAURENCE MOORE et al.

[Decided May 17th, 1905.]

Where a testator devised land to his children, subject to the use of one-third thereof by his widow during her life, and also bequeathed to her the income from a certain sum of money while she remained his widow, and made legacies a charge upon the real estate, the land cannot be partitioned until the settlement of the executor's account, which will show how far the legacies are unpaid from the personal estate and the extent of the lien therefor upon the land.

On bill and plea.

*Mr. Alan H. Strong,* for the complainant.

*Messrs. Guild & Martin,* for the defendants.

BERGEN, V. C.

The bill in this cause seeks the partition of certain real estate in Middlesex county, of which Ellis F. Moore died seized, and which was by his last will devised to his children, of whom the complainant was one. The devise is expressed in these words: "I do hereby give, devise and bequeath the residue of all my property both real and personal to my three children." The will also conferred upon the executors named a power of sale, under which some of the lands were sold, the proceeds of which, as well as the personal estate, has been distributed, and is now the subject of a disputed accounting in the orphans court. To the bill of complaint a plea has been interposed which sets up in substance that in the administration of the estate the executors have made payments and advances in excess of the funds in their hands, to repay which a sale of some of the remaining land will be required, which sale the executors have, under the will, the power to make, and until their accounts have been passed by the orphans court, the amount required, and as a sequence the quantity of land necessary to be sold, to meet the administration cannot be ascertained, and under these conditions the partition proceedings should be suspended until the amount required by the executors has been ascertained.

The devise to the children was made subject to the use of one-third of all the real estate by the wife of the testator during her lifetime, and the will also bequeathed to his wife the income from $5,000 during the time she remained his widow. Under these conditions this cause falls within the rule established by the chancellor in *Adams* v. *Beideman, 33 N. J. Eq. (6 Stew.)* 77, for until the executors of the testator have ascertained what amount of the personal estate is applicable to the legacies before a sale of land, such legacies being a charge upon the real estate, the amount of the lien against the lands cannot be definitely fixed. It therefore follows that a decree for sale ought to be withheld until the settlement by the executors of their account in the orphans court, and for that purpose the plea will be sustained.